IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON BECKHAM, | ) | |
| ID # 47522-177, | ) | |
|     Movant, | ) | No. 3:16-CV-1870-N (BH) |
| vs. | ) | No. 3:13-CR-429-N (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

### I. BACKGROUND

Brandon Beckham ("Movant"), a federal prisoner, challenges his 2015 conviction for unlawful possession of a firearm and 64-month sentence with a 2-year term of supervised release. (*See* doc. 1.)[1] Judgment was entered on March 30, 2015, and he did not appeal. (*See* doc. 40.) His motion under 28 U.S.C. § 2255 indicates that it was executed on June 22, 2016, but does not indicate when Movant placed it in the prison mailing system, and it was received on June 28, 2016. (*See* 3:16-CV-1870-N, doc. 1 at 10.) The government responds that the motion is untimely, and Movant has not filed a reply. (*See* 3:16-CV-1870-N, doc. 7 at 2-4.)

### III. STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:12-CR-177-C (1).

may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege any facts that could trigger a starting date under §§ 2255(f)(2)-(4), so his statute of limitations began to run when his judgment of conviction became final. *See* § 2255(f)(1). His conviction became final on April 13, 2015, the date on which his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). The one-year limitations period expired in April 2016. Even assuming that Movant mailed his § 2255 motion on the date that he executed it, June 22, 2016, it is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of

2

equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, the movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Although he states that he did not present his claims earlier because he had no knowledge of the law, a lack of legal knowledge is not a proper ground for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, a lack of knowledge of filing deadlines, a prisoner's pro se status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations). Because Movant has not met his burden to establish circumstances warranting equitable tolling, his motion

to vacate should be denied as untimely.

## II. RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED** this 11th day of September, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE